THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv- 902

JANET BLANSHINE,

Plaintiff,

v.

LIBERTY MUTUAL AUTO INSURANCE COMPANY,

Defendant.

## NOTICE OF REMOVAL

Defendant LM General Insurance Company, incorrectly identified in the case caption as "Liberty Mutual Auto Insurance Company,"("Defendant")[1], by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, El Paso County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

### INTRODUCTION

1. On March 15, 2018, Plaintiff initiated this action by filing her Complaint in the District Court, El Paso County, State of Colorado, Case No. 2018CV30675 (the "State Action").

---

[1] LM General Insurance Company issued the insurance policy under which Plaintiff has brought suit in this action.

104647151_1

2. Plaintiff's Complaint asserts two claims for relief against Defendant, including a First Claim for Relief for Breach of Contract and a Second Claim for Relief for alleged Violation of C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

3. This action arises out of Plaintiff's claim for MedPay coverage under an automobile insurance policy issued by Defendant, no. AOS-298-105166-40, effective November 24, 2015 – November 24, 2016, as a result of an automobile accident that occurred on August 5, 2016.

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On March 28, 2018, Plaintiff served Defendant with a Summons and a copy of Plaintiff's Complaint filed in the State Action. *See* **Exhibit A**, Return of Service attached hereto.

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C. § 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and Summons are attached to this Notice of Removal as **Exhibits B** and **C.**

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2017CV30675, District Court, El Paso County, State of Colorado. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

11. Pursuant to D.C.Colo.LCivR 81.1(c), Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15. Plaintiff is a Colorado citizen and resident of El Paso, County, Colorado. *See* **Exhibit B** at ¶ 1.

16. Defendant LM General Insurance Company is a citizen of the State of Illinois with its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.

19. First, the Civil Case Cover Sheet filed by Plaintiff in the State Action confirms that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading. *See* Colo.R.Civ.P. at Form JDF 601.

20. Here, in the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment for more than $100,000 against

another party, including any attorneys' fees, penalties or punitive damages, but excluding interest and costs . . ." *See* **Exhibit E**, State Court Civil Case Cover Sheet.

4. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros v. Liberty Mutual*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016). As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock. *See Henderson v. Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000). We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

*Id.*

22. Finally, Plaintiff's Complaint alleges a combination of facts and theories of recovery sufficient to establish the fact that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has demanded extra-contractual damages, including bad faith statutory damages under C.R.S. § 10-3-1113 and C.R.S. § 10-3-1116. *See* **Exhibit B**, Complaint, p. 3 of 3. *See also, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* 2013 WL 1412327 (D.Colo. 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* 2013 WL 1414241 (D.Colo. 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

23. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant LM General Insurance Company, incorrectly identified as "Liberty Mutual Auto Insurance Company," requests that the action now pending in the District Court, El Paso County, Case No. 2018CV030675, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 17th day of April, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

s/ *Brian J. Spano*
Brian J. Spano, Esq.
Lyndsay K. Arundel, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: bspano@lrrc.com
larundel@lrrc.com

*Attorneys for Defendant*
*LM General Insurance Company*

- 7 -

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of April, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Bradford Pelton, Esq.
320 S. Cascade Avenue
Colorado Springs, Colorado 80903

                *s/ Brian J. Spano*
                Brian J. Spano